DAVID G. TINNIN et al. *v.* ROBERT S. PRICE.

EVIDENCE: SUBSCRIBING WITNESS: HIS HANDWRITING PROVED.—When proof of the handwriting of a subscribing witness is admissible to establish the execution of a writing, where such witness has become disqualified from interest acquired since the attestation. See 1 Phil. Ev. 466.

APPEAL from the Superior Court of Chancery.   Hon. Charles Scott, chancellor.

The appellants, who were the complainants in the court below, filed their bill against Robert S. Price, for the recovery of certain slaves, which they alleged belonged to them, as heirs of their mother, Nancy Price, formerly Nancy Tinnan, and who, a short time before the institution of the suit, had died intestate.   The defendant, Robert Price, who was the husband of complainant's mother at the time of her death, claimed title to the slaves by virtue of a bill of sale, alleged to have been executed by her a few days previous to her marriage with him.   This bill of sale was signed by Mrs. Tinnin with her mark, and attested by two of the complainants.   The only proof of the execution of the bill of sale was the deposition of one Parker, who proved the handwriting of the subscribing witnesses.

The chancellor dismissed the bill, and the complainants appealed.

*Freeman* and *Dixon*, for appellants,

Contended that the execution of the bill of sale was not legally established; that the subscribing witnesses should have been called and examined; and upon this point they cited and commented on, 1 Starkie, Ev. 370, 371, 372, 7 Am. ed., note (P) on same pages.

*Fulton Anderson*, for appellee,

Insisted that the bill of sale was properly proven; that the subscribing witnesses had, by the death of their mother, become interested, and therefore disqualified; and that this was sufficient to let in the proof of their handwriting.   He cited 1 Phil. Ev. 466, 473, and Cow. & Hill's notes, 881, 894, at pages 1265, 1293.

FISHER, J., delivered the opinion of the court.

The complainants claim the slaves in controversy, as heirs at law of their deceased mother, Nancy G. Price, formerly Nancy G. Tinnin. The appellee, on the contrary, claims under a bill of sale, alleged to have been made by the said Nancy a short time before her marriage with the appellee.

The bill of sale bears date the 24th of August, 1852, and is attested by two of the complainants as subscribing witnesses thereto. The subscribing witnesses being disqualified from interest, a deposition was taken, with a view of proving their handwriting. The witness proves that he went to school with the subscribing witnesses; has often seen them write, and believes the signature of each to be his handwriting. When a subscribing witness is disqualified, from interest acquired after the attestation of the instrument, it may be established, by proving the handwriting of such witness. Phil. Ev. 466.

But, aside from this evidence, there are other circumstances tending to prove a sale by the intestate to the appellee. According to her own admissions, she was largely indebted to him, and frequently said that he should be paid, if she had to sell her slaves for that purpose.

Decree affirmed.